**Edward KAMINSKI, Plaintiff,**

v.

**CHRYSLER CORPORATION,
et al., Defendants.**

**No. 1:96 CV 1546.**

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 29, 1997.

Michael P. Harvey, Rocky River, OH, for Plaintiff.

John T. Landwehr, Margaret A. Mattimoe, Eastman & Smith, Toledo, OH, David E. Roloff, Morris L. Hawk, Goldstein & Roloff, Cleveland, OH, for Defendants.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court upon the Motions for Summary Judgment (Document # 20 and Document # 31) filed by Defendant Chrysler Corporation (hereinafter Chrysler) and Defendants International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (hereinafter International UAW) and its Local Union No. 122 (hereinafter Local UAW). For the reasons that follow, Defendants' Motions for Summary Judgment are GRANTED.

### Factual Background

The Plaintiff, Mr. Edward Kaminski, worked at Chrysler's Stamping Plant in Twinsburg, Ohio from April 1984 until his discharge on February 1, 1995. While employed at Chrysler he was a member of both the Local UAW and International UAW.

In April 1992, Mr. Kaminski was injured on the job when a fork lift ran into him. Due to these work-related injuries, he received temporary total disability benefits as well as wages of $758 every two weeks through Workers Compensation.

While the Plaintiff remained on leave for his injuries, he was arrested for selling cocaine. Mr. Kaminski pled guilty in the United States District Court for the Northern District of Ohio to distribution of less than 500 grams of cocaine, a controlled substance. The court accepted his guilty plea and entered a judgment of conviction against him. The court then sentenced him to eighty-eight days in a Texas rehabilitation facility. Although originally scheduled to report to jail in August 1994, the imposition of Mr. Kaminski's sentence was rescheduled to allow him to recover from surgery, and he reported to jail on February 1, 1995.

Ohio Workers Compensation law requires an employee receiving Workers Compensation who is incarcerated to notify his company's insurer to toll his benefits for that time period. Mr. Kaminski notified Chrysler directly because it is self-insured, and advised Chrysler to suspend his benefits from February 1, 1995 through April 28, 1995.

On February 2, 1995, Chrysler called Mr. Kaminski to work by mailing a certified letter to his home.[1] The notice stated that the Plaintiff had until February 9, 1995 to report to work or Chrysler would backdate his termination to February 1, 1995. Mr. Kaminski's girlfriend spoke to him while he was in jail and told him about the letter, but due to his incarceration, he did not report.

Chrysler's policy states that incarceration is not an acceptable reason to miss work and Mr. Kaminski was terminated effective February 1, 1995. Upon finding out that he was fired, the Plaintiff phoned the president of the Local UAW, Marty Wayda. Mr. Wayda informed him that his complaint would have to follow the four-step grievance procedure. This procedure begins with the union filing a grievance on the employee's behalf protesting the discharge. In the second step, the union committeeman meets with representatives of Chrysler to try to resolve the grievance and get the employee reinstated. If this fails, the grievance proceeds to step three where the union officers and committeemen conduct an investigation and set a date to discuss the merits of the grievance with representatives of Chrysler. The final step is a regional appeal which is then forwarded to the International UAW.

---

1. Mr. Kaminski was called to report to work on August 12, 1994 as well. On that date he was sent home because he was physically unable to do his job due to his injuries.

Mr. Kaminski was notified that a grievance had been filed on his behalf in February 1995. The union also filed a brief with the grievance that stated that the Plaintiff "realizes that incarceration is not an acceptable reason to be absent from work. He is willing and able to work full time now that his problem is behind him if given another chance."

When the Plaintiff called Mr. Wayda in August 1995 to check on the status of his grievance, the Plaintiff was told that the grievance "was misplaced." In fact, the grievance had been filed February 11, 1995, but a period of inaction followed. Therefore, pursuant to a UAW–Chrysler labor agreement, the grievance was automatically moved up to step three, where it was considered on September 27, 1995. Chrysler denied the grievance.

The International UAW then docketed Mr. Kaminski's grievance at the Appeal Board, but International UAW representative Larry Leach later decided to withdraw the grievance. On March 12, 1996, Mr. Wayda notified the Plaintiff by letter that "[Local UAW] has been informed that your grievance has been withdrawn without precedent at the Appeal Board level." The Plaintiff, then, filed this lawsuit on July 17, 1996, the day before internally appealing the International UAW's decision to withdraw his grievance on July 18, 1996.

### Procedural History

Mr. Kaminski filed this action on July 17, 1996 naming as Defendants his former employer Chrysler, Chrysler's agent Janis Snodgrass, the Local UAW, the International UAW, and union representative Mary Wayda. The Plaintiff charged a breach of the collective bargaining agreement under § 301 of the Labor Management and Relations Act, 29 U.S.C. § 185; a breach of the unions' duty of fair representation; Workers Compensation retaliation; and, intentional infliction of emotional distress. All the Defendants filed Answers denying the material allegations in Mr. Kaminski's Complaint.

Defendants Chrysler and Janis Snodgrass filed a Motion for Summary Judgment on March 3, 1997. Defendants UAW, Local UAW, and Marty Wayda filed a Motion for Summary Judgment on March 14, 1997. All the Defendants argue the Plaintiff has failed to exhaust the internal grievance procedure which is required before the Plaintiff is permitted to file a claim for judicial hearing, and they also contend that Plaintiff's claims are without merit. The Plaintiff filed a Memorandum in Opposition to Summary Judgment on April 17, 1997 arguing that his claim falls under an exception to the exhaustion requirement and that genuine issues of material fact remain to be litigated on his claims.

The Plaintiff dismissed Defendants Marty Wayda and Janis Snodgrass pursuant to FED. R.CIV.P. 41(a) on April 7, 1997. Therefore, the remaining Defendants are the International UAW, Local UAW and Chrysler.

### Summary Judgment Standard

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson*, at 248–49, 106 S.Ct. at 2510–11 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. at 2512. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir.1995). The text of FED.R.CIV.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the non-moving party as an automatic grant of sum-mary judgment, where otherwise appropriate.

■ Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that, " 'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.' " *Wiley v. U.S.*, 20 F.3d 222 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988)). FED.R.CIV.P. 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225–26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2510–11. The judge's sole function is to determine whether there is a genuine factual issue for

trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

the threshold inquiry of determining whether there is the need for a trial— whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

## Discussion

█ Mr. Kaminski's claim against Chrysler for breach of the collective bargaining agreement and the Local and International UAW for breach of their duty of fair representation is commonly referred to as a hybrid action pursuant to § 301. In order to prevail on such a claim "the employee-union member must prove that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement." *VanDerVeer v. United Parcel Service, Inc.,* 25 F.3d 403, 405 (6th Cir.1994) (citing *Chauffeurs, Teamsters and Helpers, Local 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990)).

█ Ordinarily, before filing a § 301 action a plaintiff is required to exhaust all internal remedies, and in this case it is undisputed that Mr. Kaminski did not exhaust the internal appeal process. Nevertheless, the Supreme Court has held that a plaintiff may be excused from this exhaustion requirement if one of the following factors is present: 1) hostility on the part of any union official affects the employee's chances of obtaining a fair hearing; 2) the relief available through the internal process is inadequate; or 3) the delay from following the internal remedies has an adverse effect on the plaintiff's chance of obtaining a judicial hearing. *Clayton v. Int'l Union,* 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981).

In this case, Mr. Kaminski asserts that even though he filed this action before exhausting his internal remedies, he should be excused from this general requirement under *Clayton, supra,* because waiting for the completion of the internal procedures would have delayed his claims in this Court. Whether or not Mr. Kaminski has demonstrated that any procedural exceptions should be applied to his case need not dispose of this case, however, because as the discussion, *infra,* demonstrates, his hybrid action is substantively without merit. Nonetheless, Mr. Kaminski has failed to produce any evidence which would permit an exception to the requirement that he exhaust his internal remedies.

█ As part of his hybrid § 301 claim, the Plaintiff must prove that his employer breached the collective bargaining agreement. In this case, Mr. Kaminski has failed to produce evidence of any provision of the collective bargaining agreement which Chrysler allegedly violated. Rather, he argues that Chrysler's policy regarding incarceration was a mandatory subject of collective bargaining. In contrast, Chrysler maintains its termination of Mr. Kaminski was in compliance with § 49 and the Management Rights Clause of the collective bargaining agreement.

Section 49(d) of the collective bargaining agreement provides, in pertinent part, that an employee will lose his seniority if:

... he does not return to work when called, in proper cases, exceptions shall be made if the employee can satisfactorily substantiate and had promptly informed the plant that for a reason beyond his control he was unable to comply with such a call to return.

In addition to this specific provision, the collective bargaining agreement also contains a general Management Rights Clause which provides:

The Corporation has the exclusive right to manage its plants and office and direct its affairs and working forces, except as limited by the terms of this Agreement and any Memorandums, Letter Agreements or Supplementary Agreements that by their terms modify this Agreement.

Pursuant to the Management Rights Clause, a Chrysler policy implemented in 1992 stat-

ed, "incarceration is not a justifiable excuse for an employee to be absent."

Mr. Kaminski attempts to circumvent these specific provisions of the collective bargaining agreement by arguing that the incarceration policy is invalid because it constitutes a mandatory subject of collective bargaining. It is axiomatic that employee work rules, especially those leading to disciplinary action, are subject to mandatory collective bargaining. *Torrington v. Extend–A–Care Employee Association v. NLRB*, 17 F.3d 580 (6ᵗʰ Cir.1994). Nevertheless, there is no evidence in this case to suggest Chrysler failed to make disciplinary action a subject of collective bargaining. Indeed, it is clear that Chrysler did bargain about disciplinary actions as evidenced in § 49(d), *supra.*

Additionally, Chrysler implemented this policy in accordance with the Management Rights Clause—which is only limited by decisions which would violate the collective bargaining agreement and other agreements—and there has been no showing that the incarceration policy violates the collective bargaining agreement or any other agreement with the union. Such a conclusion is bolstered by the undisputed fact that the Local and International UAW were aware of Chrysler's 1992 incarceration policy, but never requested any discussion or arbitration to change it.

Therefore, the Plaintiff has failed to produce any evidence as to how Chrysler breached the collective bargaining agreement, and Chrysler has demonstrated that it terminated Mr. Kaminski in accordance with the collective bargaining agreement.

Even if the Chrysler had breached the collective bargaining agreement, however, the Plaintiff still would not be able to succeed in his hybrid claim because he has not shown a breach of the duty of fair representation by International UAW or Local UAW. A breach of the duty of fair representation may be proven by any one of the following elements: "hostility by the union, arbitrary conduct, reckless disregard of the interests of a unit employee, or bad faith." *Ackley v. Teamsters Local 337*, 910 F.2d 1295, 1300 (6ᵗʰ Cir.1990).

In this case, Mr. Kaminski has not charged that either union entity acted in bad faith or with hostility toward him. Indeed, the Plaintiff even stated specifically in his deposition that he has no reason to believe that the former union president, Mr. Wayda, was hostile towards him. Accordingly, in order to demonstrate a breach of the duty of fair representation he would need to show arbitrary conduct on behalf of the union, or reckless disregard for his interests.

It is considered to be arbitrary if a union processes a grievance in a perfunctory manner. *Vaca v. Sipes*, 386 U.S. 171, 191, 87 S.Ct. 903, 917, 17 L.Ed.2d 842 (1967). However, arbitrary actions do not include mere negligence or poor judgment. *Linton v. United Parcel Service*, 15 F.3d 1365, 1372 (6ᵗʰ Cir.1994). A union's actions are arbitrary only if the union's behavior is outside a "wide range of reasonableness." *Air Line Pilots Assoc. v. O'Neill*, 499 U.S. 65, 67, 111 S.Ct. 1127, 1129, 113 L.Ed.2d 51 (1991); *Black v. Ryder/PIE Nationwide, Inc.*, 15 F.3d 573, 584 (6ᵗʰ Cir.1994).

Mr. Kaminski claims that the union acted in an arbitrary manner in handling his grievance and failing to proceed to arbitration. He argues specifically that his grievance was not given proper attention on the local level, that delays precluded hearings on the first two steps of the grievance procedure, and that he was not given a copy of the international appeals process until after the deadline to file an appeal had passed.

Nevertheless, neither shortcomings on the local level nor failing to inform the Plaintiff of his right to appeal is enough to hold the union liable under a fair representation claim. First, the union was under no duty to inform the Plaintiff of his right to appeal. *Wiggins v. Chrysler*, 728 F.Supp. 463, 467 (N.D.Ohio 1989). In addition, there is a provision in the International Constitution which allows the international president to waive the time for filing an appeal if warranted under the circumstances. Furthermore, the grievance process is not expected to be error free. *Poole v. Budd Co.*, 706 F.2d 181 (6ᵗʰ Cir.1983).

Most significantly, however, the initial delay in processing Mr. Kaminski's grievance did not hinder his substantive rights. His grievance was fully processed beginning at the third step of the grievance procedure and later was submitted to the International UAW. Likewise, any alleged weaknesses in the Local UAW's handling of the grievance were remedied when, as Mr. Kaminski conceded, he had more than one conversation with the International UAW representative Larry Leach wherein he explained to Mr. Leach all of the relevant facts of his grievance. It was only after those discussions that Mr. Leach made the decision that Mr. Kaminski did not have a winnable case.

■ The union is not obligated to arbitrate every claim from every member. At some point the union must make reasoned decisions about the merits of a case and the likelihood of success in arbitration. Such decisions are not necessarily without error, because the grievance process is not expected to be error free, courts should hesitate to interfere with legitimate internal union decisions which fairly evaluate whether a claim warrants resort to arbitral machinery. *Poole,* 706 F.2d at 184; *Hines v. Anchor Motor Freight,* 424 U.S. 554, 571, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976). Therefore, by withdrawing the grievance based on a reasoned judgment, the union did not act outside that wide range of reasonableness. *Vaca,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

Accordingly, because Mr. Kaminski must be able to succeed on both parts of the hybrid claim and in this case he has failed to demonstrate either one, Chrysler, the International UAW and Local UAW are entitled to judgment as a matter of law. Accordingly, the Motions for Summary Judgment are GRANTED.

### Conclusion

For the foregoing reasons, Defendants' Motions for Summary Judgment (Document # 20 and Document # 31) are GRANTED as to all claims asserted against Chrysler and UAW. Mr. Kaminski's claims are procedurally deficient because he failed to exhaust his internal remedies and substantively without merit because he failed to produce sufficient evidence to demonstrate a genuine issue of material fact on his hybrid § 301 claim.

The Motions for Summary Judgment of Defendant Snodgrass and Defendant Wayda (Document # 20 & Document # 31), who were earlier dismissed by the Plaintiff, are DENIED AS MOOT.

Furthermore, due to the resolution of the hybrid § 301 claim, the pendant state law claims of Workers Compensation retaliation and intentional infliction of emotional distress are DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.

### JUDGMENT ENTRY

Pursuant to a Memorandum of Opinion and Order of this Court, Defendants' Motion for Summary Judgment (Document # 20 and Document # 31) are GRANTED and the case is DISMISSED WITH PREJUDICE. All costs to the Plaintiff.

IT IS SO ORDERED.