**Vincent C. WILEY, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America; Citizens Federal Mortgage Corporation; State of Ohio; Franklin County Treasurer; and Houng Thai, Defendants–Appellees.**

No. 93–3091.

United States Court of Appeals, Sixth Circuit.

Argued March 1, 1994.

Decided March 29, 1994.

Charles E. McFarland (argued & briefed), Newton Falls, OH, for Vincent C. Wiley.

Gary R. Allen, Acting Chief (briefed), Charles E. Brookhart, Alice L. Ronk (argued), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, O. Charles Hosterman, Office of the U.S. Atty., Columbus, OH, for U.S.

Donald E. Miehls, Dayton, OH, for Citizens Federal Mortg. Corp.

Phillip Megahan Walther, Pros. Attorney's Office for the County of Franklin, Columbus, OH, for Franklin County Treasurer.

Richard Carl Graham, Eisnaugle, Gleaves & Graham, Columbus, OH, for Houng Thai.

Before: MERRITT, Chief Judge; and MILBURN and SILER, Circuit Judges.

MILBURN, Circuit Judge.

Plaintiff Wiley appeals the district court's denial of his motion for summary judgment and the grant of summary judgment to defendant United States of America. On appeal, the issue is whether there is a genuine issue of material fact as to whether the Internal Revenue Service mailed the statutorily required notice of deficiency to plaintiff. For the reasons that follow, we affirm the denial of summary judgment to the plaintiff and reverse the grant of summary judgment to the defendant.

## I.

On August 14, 1991, plaintiff Vincent C. Wiley filed this action to quiet title to real property located at 1843 Case Road, Columbus, Ohio, which had been seized by defendant United States for the nonpayment of taxes and which was to be sold at public auction on August 16, 1991. The property was sold, and Wiley subsequently amended his complaint to add the purchaser, Houng Thai, as a defendant. The basis of Wiley's complaint was that the seizure and sale were invalid because the Government had failed to follow the procedures required by the Internal Revenue Code.

26 U.S.C. § 6212(a) provides that upon determination that there is a deficiency, the Secretary is authorized to send notice of the deficiency to the taxpayer by certified or registered mail. This notice of deficiency is often referred to as the "ninety day letter" because after mailing this notice, the IRS must give the taxpayer ninety days to petition the Tax Court for a redetermination of the deficiency before making an assessment. 26 U.S.C. § 6213(a). Within sixty days after the assessment of a tax, the Secretary must give notice to each person liable for the unpaid tax, stating the amount of the tax and demanding payment. 26 U.S.C. § 6303(a). This notice is generally known as the "notice and demand letter." If a person fails to pay after receiving the notice and demand letter, the Secretary is authorized to seize the person's property and sell it to satisfy the debt. 26 U.S.C. § 6331. However, before seizing the property, the Secretary must give notice of his intent to levy upon the property. 26 U.S.C. § 6331(d).

Wiley alleged in his complaint that a notice of deficiency, notice of demand, and notice of intent to levy were never sent and asked the district court to order the seizure and sale void, to declare Wiley the sole owner of the subject property, and to issue a preliminary injunction enjoining defendants from possessing the property or executing a deed to the property. During discovery, Wiley was informed by the Government's attorney that the IRS routinely destroys records, and Wiley's file could not be located. However, the Government did produce computer records and a certified mailing list.

Wiley and the Government filed cross-motions for summary judgment. Wiley pre-

sented the IRS computer records, which did not contain the numeric code ("494") that would normally record that the notice of deficiency had been sent.[1] Wiley's expert's affidavit opined that this omission indicated that the notice was never sent. The Government did not explain the omission of the 494 code but presented a certified mailing list that indicated the notice of deficiency had been sent.

On November 24, 1992, the district court denied Wiley's motion for summary judgment and granted the Government's motion for summary judgment, holding that "[t]he unexplained absence of the Ninety–Day Letter code 494 from the computer generated list ... is not sufficient evidence to create an issue of fact as to whether the Ninety–Day Notice was mailed in light of the direct evidence of mailing." J.A. 31. This timely appeal followed.

## II.

 Wiley contests both the grant of summary judgment to the Government and the denial of summary judgment to him. This court reviews a district court's grant of summary judgment de novo, using the same test as the district court, *Brooks v. American Broadcasting Cos.*, 932 F.2d 495, 500 (6th Cir.1991), but reviews a denial of summary judgment only for an abuse of discretion. *Southward v. South Cent. Ready Mix Supply Corp.*, 7 F.3d 487, 492 (6th Cir.1993). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). When reviewing cross-motions for summary judgment, the court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991).

 Wiley does not dispute the merits of the underlying tax assessment but rather procedural irregularities of the assessment and subsequent seizure and sale of his property. The only procedural irregularity claimed by Wiley is that the IRS did not send him a notice of deficiency by certified mail for the relevant tax year, 1982. The Government disputes this contention and argues that a notice of deficiency was sent by certified mail. A factual dispute between the parties will preclude summary judgment only if the disputed facts are material to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). Material facts are only those facts that might affect the outcome of the lawsuit under the governing substantive law. *Id.* Under the provisions of the Internal Revenue Code, the IRS must mail a notice of deficiency by certified or registered mail before it can make an assessment for delinquent taxes, which in turn is a prerequisite to seizing and selling the taxpayer's property. 26 U.S.C. §§ 6212(a), 6213(a), 6303(a), and 6331; *see also Tavano v. Commissioner*, 986 F.2d 1389, 1390 (11th Cir. 1993) (per curiam); *Robinson v. United States*, 920 F.2d 1157, 1158 (3d Cir.1990). The only requirement is that the IRS send the notice of deficiency by certified or registered mail to the taxpayer's last known address; actual receipt of the notice is not necessary. *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir.1992); *Williams v. Commissioner*, 935 F.2d 1066, 1067 (9th Cir.1991). Therefore, whether or not the notice of deficiency for 1982 was mailed by certified mail to Wiley is an issue of material fact.

The party seeking summary judgment bears the initial burden of showing the district court that there is an absence of a genuine dispute over any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). This burden may be discharged either by producing evidence showing the absence of a genuine issue of material fact or by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554. In order to defeat a motion for summary judgment after the

---

1. Wiley's motion for summary judgment did not address the other two notices, the notice and demand letter and the notice of intent to levy. The district court held that these notices were no longer at issue, and Wiley does not dispute that holding on appeal.

movant has carried its initial burden, the nonmoving party cannot respond by merely resting on the pleadings, but rather the nonmoving party must present some "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)).

Wiley's motion for summary judgment was based on his assertion that the Government had not mailed him a notice of deficiency for the 1982 tax year. Wiley submitted a copy of an IRS computer-generated transcript of his account, known as an Individual Master File (IMF), which reflected by numeric codes the dates certain transactions occurred. Wiley submitted an affidavit of an expert witness that stated the IMF transcript did not contain a record of a notice of deficiency being issued. According to the expert, the IMF transcript was missing the transaction code ("494") that was required by IRS Publication 6209 to record the issuance of a notice of deficiency, and this omission indicated that a notice of deficiency was not sent. Wiley also submitted his own affidavit, which stated that he had not received the notice of deficiency.

The Government countered by asserting that the notice of deficiency had been mailed. The Government did not explain the fact that the notice of deficiency code was missing on the IMF transcript. Instead, the Government presented the affidavit (declaration) of William F. Wise, an employee in charge of reviewing notices of deficiency. Mr. Wise stated that during the course of his employment, he had become familiar with the normal procedure used by the IRS for mailing notices of deficiency. He summarized this procedure as follows:

> Statutory notices of deficiency are separately prepared for each taxpayer. Each notice is reviewed carefully for the complete and most current taxpayer address. Each notice is then mailed via certified mail. A certified mailing list is generated by the IRS with respect to statutory notices of deficiency sent by certified mail to

taxpayers pursuant to 26 U.S.C. § 6212. A certified mailing list accompanies the certified mail to the U.S. Post Office. Upon delivery of the statutory notices of deficiency to the U.S. Post Office, the certified mailing list is initialed by the postal clerk.

Declaration of William F. Wise, R. 28. Along with this affidavit, the Government presented a copy of Postal Service ("PS") Form 3877, a form used for registered, insured, c.o.d., certified, and express mail, which Wise identified as "a true copy of the Certified Mailing List dated December 19, 1986, for Statutory Notices of Deficiency for the year 1982 for Vincent C. Wiley." The form stated that "Statutory Notices of Deficiency for the year(s) indicated have been issued to the following [taxpayers]," and indicated that four notices of deficiency for the year 1982 were sent to "Wiley, Vincent G., Surviving Spouse and Estate of Mrs. Dorothea B. Wiley, Deceased Vincent G. Wiley, Executor." [2] The form listed a six-digit mailing number for each notice and was seemingly signed by the postal employee who received the letters for mailing. Additionally, the form was imprinted with a rubber stamp indicating that the post office had received the letters on December 19, 1986. The Government offered this evidence not only to rebut Wiley's motion for summary judgment, but also to support its cross-motion for summary judgment, which the district court granted.

As an initial matter, we must consider whether the district court could properly consider the evidence presented by the Government in making the summary judgment determination. Wiley contends that the Government's evidence should not have been considered by the district court because the affidavit and certified mailing list did not comply with the requirements of Federal Rule of Civil Procedure 56(e) and would be inadmissible hearsay at a trial. Rule 56(e) requires that affidavits used for summary judgment purposes be made on the basis of

---

**2.** The form indicates that notices of deficiency were sent to plaintiff at four different addresses. Two notices were addressed to 2843 Case Road and two notices were addressed to 1843 Case Road. Each street address was paired with a zip code of 43224 and 43220, resulting in four addresses. The different addresses apparently resulted from a renumbering of the houses in taxpayer's neighborhood.

personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies of all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment. *Daily Press, Inc. v. United Press Int'l*, 412 F.2d 126, 133 (6th Cir.), *cert. denied*, 396 U.S. 990, 90 S.Ct. 480, 24 L.Ed.2d 453 (1969); *see also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) (stating that "[i]t is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment"). *But cf. Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (stating that the nonmoving party need not "produce evidence in a form that would be admissible at trial").

■ However, Wiley did not raise these alleged defects in the Government's evidence before the district court's ruling. Instead, Wiley raised these objections for the first time in a motion to reconsider, which the district court denied as untimely, and reasserted them here even though he did not properly raise them below. If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and we will review such objections only to avoid a gross miscarriage of justice. *See Moore v. Holbrook*, 2 F.3d 697, 698–99 (6th Cir.1993); *In re Teltronics Servs., Inc.*, 762 F.2d 185, 192 (2d Cir.1985) (per curiam); *Davis v. Sears, Roebuck and Co.*, 708 F.2d 862, 864 (1st Cir.1983) (per curiam); *Munoz v. Int'l Alliance of Theatrical Stage Employees*, 563 F.2d 205, 214 (5th Cir.1977) ("Inadmissible material that is considered by a district court without challenge may support a summary judgment."); 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2738, at 507–08 (2d ed. 1983). Wiley asserts that there would be a gross miscarriage of justice if we did not consider his evidentiary objections but does not identify any potential injustice. We do not find any potential injustice and therefore will not consider Wiley's

evidentiary objections to the Government's summary judgment materials.

■ In this appeal, Wiley is contesting both the denial of his summary judgment motion and the grant of the Government's summary judgment motion. As to the denial of Wiley's motion for summary judgment, we hold that the PS Form 3877 along with Mr. Wise's affidavit explaining the normal mailing procedure were at least sufficient to show that there was a genuine issue as to whether the notice of deficiency was not mailed, and accordingly the district court did not abuse its discretion in denying Wiley's motion. We next must consider the Government's cross-motion for summary judgment.

The Government moved for summary judgment arguing that the PS Form 3877 along with Mr. Wise's affidavit proved that a notice of deficiency was mailed to Wiley and, non-mailing being the only procedural irregularity contended by Wiley, that the Government was entitled to judgment as a matter of law. Wiley argues that the IMF transcript along with his expert's affidavit, explaining that the IMF was missing the numeric code used for recording the fact that a notice of deficiency had been sent, created a genuine issue as to whether the notice was sent, and therefore summary judgment was inappropriate.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. In order to present a genuine issue for trial, the record must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. "If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. at 2511 (citations

omitted). Finally, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

■ The IRS files relevant to this case presumably were destroyed. Therefore, the only records presented by the parties are the PS Form 3877 and the computer-generated IMF transcript. It is true, as the Government contends, that a PS Form 3877 is highly probative evidence that the notice of deficiency was sent by certified mail, and in the absence of contrary evidence is sufficient to establish that fact. *Keado v. United States,* 853 F.2d 1209, 1213 (5th Cir.1988); *United States v. Zolla,* 724 F.2d 808, 810 (9th Cir.), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *United States v. Ahrens,* 530 F.2d 781, 784–85 (8th Cir.1976); *Cataldo v. Commissioner,* 60 T.C. 522, 524, 1973 WL 2646 (1973), *aff'd,* 499 F.2d 550 (2d Cir.1974) (per curiam). For example, in *Zolla,* the IRS had destroyed the taxpayer's file pursuant to its established routine, but had retained a PS Form 3877 certifying that the notice of deficiency had been mailed and an IRS form certifying the assessment of taxes and penalties. The taxpayer did not offer any contrary evidence to show that the notice was not mailed, and the Ninth Circuit held that in the absence of any such contrary evidence, the forms presented by the Government were sufficient to prove as a matter of law that the notices had been mailed. However, in this case, unlike *Zolla* and those other similar cases, the taxpayer, Wiley, has offered contrary evidence which, although insufficient to conclusively establish non-mailing, is sufficient to create a genuine issue as to whether the notice of deficiency was mailed. *See Trimble v. Commissioner,* 57 T.C.M. (CCH) 1256, 1989 WL 90204 (1989) (rejecting an irrebuttable presumption of mailing for PS Form 3877's and emphasizing that the form establishes mailing only "IN THE ABSENCE OF CONTRARY EVIDENCE"); *Pietanza v. Commissioner,* 92 T.C. 729, 1989 WL 28334 (1989), *aff'd,* 935 F.2d 1282 (3d Cir.1991).

■ The absence of a record of an event that would ordinarily be documented in official records is probative of the fact that the event did not occur. *See United States v. Robinson,* 544 F.2d 110, 114 (2d Cir.1976), *cert. denied,* 434 U.S. 1050, 98 S.Ct. 901, 54 L.Ed.2d 803 (1978). Wiley's expert's affidavit indicated that IRS procedure was to record the sending of a notice of deficiency by entering the 494 code in the IMF transcript. The expert also stated that he had reviewed the IMF transcript and did not find an entry of the 494 code. Because the IMF transcript and the expert's affidavit indicate that the IRS would ordinarily document the sending of a notice of deficiency in the IMF transcript, and the IMF transcript did not contain any such entry, the expert's affidavit and IMF transcript presented by Wiley are probative of the fact that the notice was not mailed.

The Government relies on *Trimble v. Commissioner,* 57 T.C.M. (CCH) 1256 (1989), for the proposition that the absence of a record is insufficient to prove the non-occurrence of an action where there is direct evidence of the occurrence of the action. This argument is unpersuasive. In *Trimble,* for purposes of deciding whether it had jurisdiction, the tax court had to determine the date on which the IRS had mailed a notice of deficiency to taxpayer. In order to establish the fact and date of mailing, the Commissioner presented a PS Form 3877 showing a postmark with a date and further presented the testimony of the IRS employees who had prepared the notice and delivered it along with the PS Form 3877 to the post office. The postal employee who accepted and postmarked the PS Form 3877 also testified for the Commissioner. The taxpayer, on the other hand, argued that the fact that the Postal Service had "no record of delivery" warranted an inference that the IRS had not properly mailed the notice. In rejecting taxpayer's argument, the court stated that "'no record of delivery' means only that there is an absence of such a record and not necessarily that the article was not delivered or offered for delivery."

The taxpayer's argument in *Trimble* was different than Wiley's in at least three significant respects. First, there is no indication that the *Trimble* taxpayer offered evidence

showing that the post office would retain a record of delivery. Therefore, in *Trimble* the absence of such a record was meaningless, whereas Wiley has offered evidence showing that the IRS required a record of the sending of notices of deficiency to be kept on the IMF transcript. Second, the relevant question in deciding whether the IRS satisfied its statutory duty to mail a notice of deficiency is not whether the Postal Service delivered the notice to the taxpayer, but rather whether the IRS delivered the notice to the post office for certified or registered mailing. *E.g., Guthrie*, 970 F.2d at 737. The *Trimble* taxpayer's evidence, assuming the Postal Service regularly kept such records, only tended to prove the fact that he did not receive the notice, whereas Wiley's evidence tends to prove the fact that the notice was not delivered to the post office for mailing. Third, the *Trimble* court was not deciding whether there was a genuine issue as to whether the notice was mailed, but rather it was deciding whether it had jurisdiction, and in making that determination had to weigh the evidence and actually make a factual finding as to whether the notice was mailed on a certain date. In the present case, we can only decide whether there is a genuine issue as to whether the notice of deficiency was mailed to Wiley.

The absence of entry of the 494 code does not establish as a matter of law that the notice was not sent, but it is probative of that fact. The Federal Rules of Evidence recognize the value of absence of entry evidence. Rule 803(10) provides a hearsay exception for such evidence to prove a nonoccurrence:

> To prove ... the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in

any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

Wigmore explained the theory underlying this exception as follows:

> Since the assumption of the fulfillment of duty is the foundation of the exception [for official records], it would seem to follow that if a duty exists to record certain matters when they occur, and if no record of such matters is found, then the absence of any entry about them is evidence that they did not occur; or, to put it another way, the record, taken as a whole, is evidence that the matters recorded, and those only occurred.

5 Wigmore, *Evidence* § 1633 at 519 (3d ed. 1940). Furthermore, this court has admitted, under Rule 803(10), IRS computer records similar to the IMF transcript that "disclose[d] the 'nonoccurrence ... of a matter.'" *United States v. Spine*, 945 F.2d 143, 149 (6th Cir.1991) (citing *United States v. Bowers*, 920 F.2d 220, 223 (4th Cir.1990) and *United States v. Neff*, 615 F.2d 1235, 1242 (9th Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980)).

Thus, the evidence presented to the district court was in conflict. The PS Form 3877 presented by the Government provided proof that the notice of deficiency was mailed, while the IMF transcript presented by Wiley provided proof that the notice was not mailed. The Government's evidence may be more persuasive than Wiley's,[3] but the

---

**3.** However, it may not be. Wiley points out several irregularities in the PS Form 3877 presented by the Government, which might indicate its lack of trustworthiness. First, plaintiff contends that the marking on the form is not a postmark, as required by postal service and IRS rules, but only a stamp indicating that the post office received the form. The mark is barely readable and does not seem to include a zip code. Wiley offers a possible explanation for the post office only marking the form received instead of affixing a postmark: the post office received the items but did not accept them for mailing because of errors on the form. Second, only one signature appears in the space where

there should be a signature of both the IRS employee who delivered the letters to the post office and the post office employee who received the letters. Third, there is no indication on the form that the notices were sent by certified or registered mail. PS Form 3877 is used for registered, insured, c.o.d., certified, and express mail, but the IRS left blank the boxes where the sender is to indicate the manner in which the letters are to be mailed. Fourth, the alleged certified mail numbers listed on the form as corresponding to the notices are only six digits, whereas plaintiff contends that the postal service requires nine digit certified mail numbers.

court's function when deciding motions for summary judgment is "not [it]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. Here, Wiley has presented probative evidence upon which a jury could reasonably find in his favor. A genuine issue of material fact as to whether a notice of deficiency was sent to Wiley by certified mail remains. Therefore, the district court's grant of summary judgment to the Government was error.

### III.

For the reasons stated, the district court's denial of summary judgment to plaintiff Wiley is AFFIRMED; the district court's grant of summary judgment to the Government is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.