**LOCAL 17 INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS PENSION FUND, Board of Trustees, et al., Plaintiffs,**

**v.**

**MOONEY WELDING, INC., Defendant, Third Party Plaintiff,**

**v.**

**Robert HOFFMAN dba Hoffman Properties, et al., Third Party Defendants.**

No. 1:97 CV 1014.

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 4, 1997.

W. Eric Baisden, Baker & Hostetler, Cleveland, OH, for Plaintiffs.

Frank R. Brancatelli, Willoughby, OH, for Defendant and Third–Party Plaintiff.

Dennis A. Rotman, Cleveland, OH, for Third–Party Defendant.

### MEMORANDUM AND ORDER

NUGENT, District Judge.

This matter is before the Court on the motion of Third Party Defendants, Robert Hoffman, dba Hoffman Properties ("Hoffman") for summary judgment against Defendant, Third Party Plaintiff Mooney Welding, Inc. ("Mooney"). As discussed below, Hoffman's motion for summary judgment is denied.

### FACTUAL BACKGROUND

Mooney brings this third-party action against Hoffman for recovery of money allegedly owed to it by Hoffman as a result of demolition work performed by Mooney. Hoffman contracted out the demolition work to American Ironworks, Inc., which in turn subcontracted the work to Mooney.

The instant dispute arises out of a disagreement between Hoffman and Mooney regarding the amount of overtime Hoffman authorized Mooney's crew to perform. Hoffman claims it authorized one day of overtime, while Mooney claims that Hoffman authorized all of the overtime performed by its crew, which is substantially more than one day. The bill for Mooney's overtime was included in a bill submitted to Hoffman by American Ironworks for the entire demolition project. Hoffman objected to the bill.

Ultimately, Hoffman paid for the demolition project, but the payment did not fully reimburse Mooney for the overtime worked by its crew. In exchange for this payment, Hoffman required Mooney to sign a release on behalf of Mooney and American Ironworks, indicating that the payment represented "full and complete payment" for the demolition project. Motion of Third Party Defendants for Summary Judgment, Exhibit H. Though Mooney accepted delivery of the check, American Ironworks, not Mooney, endorsed the check. Mooney alleges that it accepted delivery of the check because it had to meet its payroll, and Hoffman threatened to take the matter to court, a process that could last several years. *See* Affidavit of Dennis Mooney.

Mooney now challenges the validity of that release, claiming that it was signed under

duress, thereby entitling Mooney to full payment of the overtime bill.

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting FED.R.CIV.P. 56(c)). A fact is material only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is genuine requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment should be granted if the party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995) (citing *Anderson,* 477 U.S. at 248–49). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue

and grant summary judgment. *Anderson,* 477 U.S. at 249 (citations omitted).

Once the moving party has satisfied its burden of coming forward with evidence demonstrating an "absence of a genuine issue of material fact," *Celotex* 477 U.S. at 323, the burden then shifts to the nonmovant. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Kentucky Dept. of Transp.,* 53 F.3d 146, 150 (6th Cir.1995). Federal Rule of Civil Procedure 56(e) provides as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

FED.R.CIV.P. 56(e). The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though the parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that, " '[i]t is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.' " *Wiley v. U.S.,* 20 F.3d 222, 226 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988)). Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies of all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley,* 20 F.3d at 225–26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver. As the Sixth Circuit stated in *Wiley,*

> [i]f a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Court of Appeals] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 248–49. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

### ANALYSIS

A contract signed under economic duress is invalid. *See Blodgett v. Blodgett,* 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990); *Massi v. Blue Cross & Blue Shield Mutual of Ohio,* 765 F.Supp. 904, 909 (N.D.Ohio 1991). As the Supreme Court of Ohio recently stated, "[t]he law of duress as a reason to avoid a contract has evolved to encompass economic duress as well as physical compulsion." *Blodgett,* 49 Ohio St.3d at 245–46, 551 N.E.2d 1249 (internal quotation and citation omitted). To prove economic duress, one "must show that he or she was subjected to *** a wrongful or unlawful act or threat, *** and that it *** deprive[d] the victim of his unfettered will." *Id.* (internal citation and quotations omitted). However, it is clear that "[m]erely taking advantage of another's

financial difficulty is not duress. Rather, the person alleging financial difficulty must allege that it was *contributed to or caused by the one accused of coercion.*" *Id.* at 246, 551 N.E.2d 1249 (internal citation and quotation omitted) (emphasis added).

Distilled to three elements, the law of economic duress requires proof " '(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) *that said circumstances were the result of coercive acts of the opposite party.* *** The assertion of duress must be proven to have been the result of the defendant's conduct and not by the plaintiff's necessities.*' " *Id.* (quoting *Urban Plumbing & Heating Co. v. United States,* 187 Ct.Cl. 15, 408 F.2d 382 (1969), *cert. denied,* 398 U.S. 958, 90 S.Ct. 2164, 26 L.Ed.2d 542 (1970) (emphasis added in *Blodgett* )).

Hoffman argues that the release signed by Mooney is valid, as Hoffman was doing nothing more than " 'taking advantage of [Mooney's] financial difficulty,' " as permitted by law. Motion of Third Party Defendants for Summary Judgment at 7 (quoting *Blodgett,* 49 Ohio St.3d at 246, 551 N.E.2d 1249). While it is true that a plaintiff may not avoid a contractual obligation simply because of a poor financial condition, a plaintiff *may* avoid a contract if that poor financial condition *is "contributed to or caused"* by another party to the contract who allegedly coerced the plaintiff. *Blodgett,* 49 Ohio St.3d at 246, 551 N.E.2d 1249. Hoffman fails to acknowledge the latter portion of this accepted rule, yet it is crucial to this case.

There is a factual dispute regarding whether Hoffman authorized the overtime performed by Mooney's crew, and this issue is material to the claim of economic duress. If the issue is resolved in Mooney's favor, then Hoffman caused, or at the very least contributed to, Mooney's financial problem. Mooney needed money to meet its payroll for the demolition project. Thus, Hoffman's authorization, along with the undisputed refusal to pay the full amount of overtime incurred, would put Mooney in a situation where he was forced—by Hoffman—to choose between accepting an amount less than he needed to

cover his authorized expenses and waiting a substantial period of time for the issue to be worked out in court. In other words, if Hoffman authorized the overtime and then refused to pay the full amount in the absence of a court order, a reasonable person could conclude that Hoffman at the very least contributed to Mooney's financial predicament and then coerced Mooney into signing the release.[1]

In light of the material factual dispute regarding Hoffman's authorization of overtime, summary judgment on Mooney's claims of economic duress and fraudulent conduct is inappropriate. Accordingly, the matter shall proceed to trial for a determination of whether and to what extent Hoffman authorized overtime, whether Mooney signed the release under economic duress, and whether Hoffman engaged in fraudulent conduct.

IT IS SO ORDERED.

---

1. Hoffman also argues that Mooney's claim for payment for the remaining overtime fails because the contract for demolition was with American Ironworks, not Mooney. Thus, Hoffman argues, Mooney's right to payment depends entirely upon whether American Ironworks would be entitled to payment, and that question was answered in the negative in a state court action. The simple answer is that the lack of a contract between Hoffman and Mooney for the demolition work is irrelevant. Rather, the relevant issue is whether Hoffman actually authorized Mooney to have its crew work overtime, either orally or in writing. If it did, then Hoffman is obligated to pay Mooney for the overtime, unless the release signed by Mooney is valid. That is an issue for trial.

Hoffman also argues that the claim in Count II for fraudulent conduct should be dismissed in light of the release. But that argument assumes the validity of the release, which as noted is an issue appropriately resolved at trial.