**Keri SALEH; Samir Saleh, Plaintiffs–Appellants, Cross–Appellees,**

v.

**CITY OF WARREN, OHIO; Alford L. Novak; John B. Hunter, Defendants–Appellees Cross–Appellants.**

Nos. 02–3624, 02–3688.

United States Court of Appeals,
Sixth Circuit.

Jan. 26, 2004.

Marc E. Dann, Dann & Falgiani, Youngstown, OH, for Plaintiffs–Appellants Cross–Appellees.

Andrew J. Dorman, Janik & Dorman, Cleveland, OH, for Defendants–Appellees Cross–Appellants.

Before: NELSON, CLAY, and COOK, Circuit Judges.

COOK, Circuit Judge. .

Plaintiffs Keri and Samir Saleh appeal the district court's grant of summary judgment in favor of the City of Warren, Ohio, and Warren City Council members Alfred L. Novak and John B. Hunter on the Plaintiffs' 42 U.S.C. § 1983 claim. Plaintiffs contend that Defendants violated the Equal Protection Clauses of the Fifth and Fourteenth Amendments by opposing two different prospective buyers of Plaintiffs' convenience store, though not interfering with the businesses of other similarly situated owners. Defendants cross-appeal the district court's decision vacating an earlier dismissal and reinstating Plaintiffs' case. Because Plaintiffs fail to establish a genuine issue of material fact supporting their allegations that Defendants' actions were discriminatory or vindictive, we affirm the district court's grant of summary judgment. Because we affirm the grant of summary judgment in favor of Defendants on the ground that Plaintiffs failed to present a triable issue of fact, we dismiss Defendants' cross-appeal as moot.

## I. BACKGROUND

In 1992, Plaintiffs began operating a convenience store in Warren and held a liquor permit for beer and wine sales. Three years later, the Warren City Council–acting under a state statute allowing municipalities to object to the renewal of liquor permits when an owner has violated the liquor laws–objected to the renewal of Plaintiffs' permit and requested a hearing before the Department of Liquor Control ("Liquor Control"). See Ohio Rev.Code Ann. § 4303.271(B). Following a hearing, Liquor Control sided with the City and did not to renew Plaintiffs' permit.

Plaintiffs appealed this decision to the Ohio Liquor Control Commission. After lodging the appeal, Plaintiffs reached a settlement with the City that resulted in Liquor Control entering an Agreed Order that essentially allowed the Salehs time to try to sell their business. That order conditioned the renewal of Plaintiffs' permit as follows: Plaintiffs would cease selling alcoholic beverages under the permit within two days; within three months, Plaintiffs would sell their business and liquor permit to a buyer approved by the Warren City Council and the Department of Liquor Control; if Plaintiffs could not timely find a suitable buyer, Liquor Control would hold the permit in "departmental safekeeping" until it could be transferred to a suitable buyer; the permit could not be transferred to a blood relative of either Plaintiff; and while in safekeeping, the permit would be renewed only once.

Plaintiffs did not find a suitable buyer by the agreed deadline, and consistent with the Agreed Order, Liquor Control took their permit into safekeeping. Plaintiffs claim that on two occasions over the next two years, they found prospective buyers for the convenience store business but "vindictive efforts" by Defendants thwarted the potential sales. On the first occasion, Defendants objected to Plaintiffs attempt to sell the business to joint purchasers Mohammed J. Hudson and Brian Pesa. Plaintiffs admit, though, that Hudson is a blood relative of Salim Saleh and thus disqualified as a purchaser by the Agreed Order. On the second occasion, Plaintiffs attempted to sell the store and permit to Mohammad T. Mohammad. But by the time Mohammad appeared as a possible buyer, the one promised renewal

had expired resulting in the permit's revocation. Liquor Control denied Mohammad's application for a new permit, and he thus declined to purchase Plaintiffs' store.

Plaintiffs assert that Defendants prevented them from transferring their liquor permit but "made no attempt to disturb the beer and wine licenses of other similar businesses despite the fact that said similarly situated businesses had also engaged in serious and substantial violations of the liquor laws of the State of Ohio" (Second Compl. ¶¶ 16, 19, 20; JA 102–03) and are therefore liable under § 1983 for violating Plaintiffs' Fifth and Fourteenth Amendment rights to equal protection. The district court granted summary judgment in favor of Defendants, finding that Plaintiffs presented insufficient evidence to support their equal protection claim. Plaintiffs appeal, presenting the same arguments as in the district court.

## II. ANALYSIS

### A. Standard of Review

This Court reviews de novo a district court's grant of summary judgment. FED. R. CIV. P. 56(c). Summary judgment is appropriate if, drawing all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the evidence would not allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In responding to a motion for summary judgment, the nonmoving party may not simply rely on its pleadings, but instead must "make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden." *Thompson v.*

*Ashe*, 250 F.3d 399, 405 (6th Cir.2001). Otherwise, "the moving party is entitled to summary judgment as a matter of law." *Id.*

### B. Plaintiffs' § 1983 Claim

■ We read Plaintiffs' § 1983 claim to allege either a selective enforcement claim or a vindictive prosecution claim. Both claims fail as a matter of law, however, because Plaintiffs presented insufficient evidence in opposition to Defendants' motion for summary judgment.

■ The exhibits Plaintiffs submitted with their response to Defendants' summary judgment motion consist of their own affidavits, as well as photocopies of the Agreed Order; assorted correspondence; and city council ordinances, resolutions and meeting minutes. The affidavits are in large part verbatim recitations of Plaintiffs' complaint and are thus insufficient to establish a genuine issue of material fact. *See Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir.1989) (noting that "affidavits [that] merely repeated the [plaintiff's] vague and conclusory allegations ... were insufficient to generate a genuine issue of material fact"). The other exhibits are not proper evidence for opposing a summary judgment motion because, as Defendants point out, they are unauthenticated, and because, as the district court noted, they are replete with hearsay. We therefore may not consider these exhibits. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) ("[I]t is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." (citations omitted)); *see also Sperle v. Mich. Dept. of Corr.*, 297 F.3d 483, 495 (6th Cir.2002) ("A party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact").

Moreover, even if these exhibits constituted proper evidence, Plaintiffs would not

be helped by our consideration of them. Although establishing that Defendants opposed Hudson as a buyer of Plaintiffs' business, the exhibits would not further Plaintiffs' position that a discriminatory intent spurred Defendants' opposition. Nor would they establish that Defendants' opposition had any discriminatory effect–or any effect at all–given that Plaintiffs consented to the conditions in the Agreed Order that disqualified both Hudson and Mohammad as buyers.

### III. CONCLUSION

Viewing the record in the light most favorable to Plaintiffs, we find that because Plaintiffs have not presented evidence that would allow a reasonable jury to return a verdict in favor of Plaintiffs on either a selective enforcement or a vindictive prosecution claim, Defendants are entitled to summary judgment. We thus affirm the district court's grant of summary judgment and dismiss Defendants' cross-appeal as moot.