**Melran LEACH, Plaintiff,**

v.

**Terrance WALLS, et al., Defendants.**

**No. 1:97 CV 0020.**

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 12, 1997.

, Mark E. Barbour, Jeffries, Kube, Forrest & Monteleone, Cleveland, OH, for Plaintiff.

Marlon A. Primes, Office of the U.S. Atty., Cleveland, OH, for Defendants.

## MEMORANDUM OPINION AND ORDER :

NUGENT, District Judge.

This matter is before the Court upon the Motion for Summary Judgment (Document # 14) filed by Defendant United States of America (hereinafter USA). For the reasons that follow Defendant's Motion for Summary Judgment is GRANTED.

### Factual Background

The following facts are derived from the statements of fact presented by the parties as well as the deposition of Defendant Terrance Walls. Any disputed facts which are controverted and supported by deposition testimony, affidavit, other evidence are stated in the light most favorable to the Plaintiff, the non-moving party.

Defendant Terrance Walls has worked as a letter carrier with the United States Postal Service (hereinafter USPS) for over nine years. During his time with the USPS, Walls was assigned to deliver mail from the Newburgh station. While serving at the Newburgh station, Mr. Walls generally worked from 7:00 a.m. until 3:30 p.m., but frequently worked one or two additional hours as overtime. According to Mr. Walls, letter carriers were allowed a lunch break and two ten-minute breaks each day.

On September 9, 1995, Mr. Walls was delivering mail in a route out of the Newburgh station. After completing his route, but before returning to the station, Mr. Walls stopped for lunch. While eating his lunch in the USPS vehicle, he received a page from his aunt, who was caring for his two children. He went to a pay phone to respond to the page but obtained a busy signal. He then decided to drive to his aunt's house.[1] He did not inform his supervisor before departing.

While en route to his aunt's house, Mr. Walls drove for roughly fifteen to twenty minutes. He did not deliver any mail nor engage in any other USPS business, and he had traveled three to four miles from the postal station. While driving on East 80th Street in Cleveland he approached Kinsman Avenue. As he reached the intersection, Mr. Walls attempted to make a right turn on Kinsman. However, as he turned right from East 80th Street, the Plaintiff Melran Leach, a passenger in a car driven by his brother Marvin Leach, approached the same intersection from Kinsman Avenue. According to Mr. Walls, the Leach vehicle passed a bus on Kinsman, went through a red light, and struck Mr. Walls on the left rear tires of the USPS vehicle. According to the Plaintiff, Mr. Walls went through a red light, pulled in from of the Leach vehicle, initiated the collision, and caused the Plaintiff's injuries.

### Procedural History

Plaintiff Melran Leach filed a Complaint against Defendant Walls and Defendant USA on January 6, 1997. Mr. Leach alleges that Mr. Walls negligently operated his vehicle causing injury to the Plaintiff and that the USA is responsible for his negligent acts committed during the course and scope of his employment. On March 5, 1997 Defendant USA filed an Answer in which it denied all allegations of negligence and affirmatively stated that Mr. Walls acted outside the scope of his employment at the time of the accident.

Defendant USA then filed a Motion for Summary Judgment on September 5, 1997. Mr. Leach filed a brief in opposition to the Motion and Defendant USA filed a reply memorandum. The Motion for Summary Judgment and these additional briefs are now before the Court.

### Summary Judgment Standard

Summary judgment is appropriate where the court is satisfied "that there is no genu-

---

1. Mr. Walls later discovered that his aunt wanted to inform him that the children's mother would be working late and wanted him to pick them up.

ine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson,* at 248–49 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995). The text of FED.R.CIV.P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that, " 'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.' " *Wiley v. U.S.,* 20 F.3d 222 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988)). FED.R.CIV.P. 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley,* at 225–26 (citations omitted). However, evidence not meeting this standard may

be considered by the district court unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson,* 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson,* 477 U.S. at 250.

### Discussion

◼ Although the United States maintains sovereign immunity, the USA may be subject to liability for tort claims "in the same manner and to the same extent as a private individual under like circumstances ..." 28 U.S.C. 2674. Therefore, this Court has jurisdiction over claims against the USA, "for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law in the place where the act or omission occurred." 28 U.S.C. 1346(b)(1). Conversely, the USA is not liable for any negligent acts committed by its employees when committed outside the scope of employment.

In its Motion for Summary Judgment, USA suggests it is entitled to judgment as a matter of law because it cannot be held liable for any allegedly negligent acts of Mr. Walls because he was acting outside the scope of his employment at the time of the accident. In opposition Mr. Leach concedes that USA is not liable for negligence committed outside the scope of employment, but he argues that a genuine issue of material fact exists as to whether Mr. Wails was acting within the scope of employment at the time of the accident.

◼ In this case the alleged act of negligence occurred in Ohio, therefore Ohio law applies. 28 U.S.C. 1346(b)(1). In Ohio, the liability of an employer for the acts of it employee is determined according to the doctrine of respondeat superior, as recognized by the Sixth Circuit in *Mider v. United States,* 4 Ohio Misc. 23, 322 F.2d 193, 197 (6th Cir.1963):

> Under the doctrine of respondeat superior, the test of a principal's liability is not whether a given act was performed during the existence of the agent's employment, but whether such act was done by the agent while engaged in the service of, and while acting for the principal, in the prosecution of the latter's business. *Senn v. Lackner,* 157 Ohio St. 206, 105 N.E.2d 49; *Lima Railway Co. v. Little,* 67 Ohio St. 91, 65 N.E. 861.

◼ Furthermore, "[w]here a servant, going on a mission of his own, makes a clear and complete deviation and departure from the scope of his master's business, under the doctrine of respondeat superior, the master is not responsible for any acts of the servant occurring during the period of such deviation." *Thornberry v. Oyler Bros., Inc.,* 164 Ohio St. 395, 131 N.E.2d 383, paragraph two of the syllabus (1955), *overruled, in part, on*

*other grounds by Wyckoff Trucking, Inc. v. Marsh Bros. Trucking Service, Inc.,* 58 Ohio St.3d 261, 569 N.E.2d 1049 (1991). *See also Butler v. Baker,* 90 Ohio App.3d 143, 146, 628 N.E.2d 98 (1993) (acknowledging quotation, *supra,* as correct statement of law.)

▉ Although Ohio law provides that whether an employee is acting within the scope of his employment usually constitutes a question of fact, "when reasonable minds can come to but one conclusion ... the issue regarding scope of employment become a question of law." *Osborne v. Lyles,* 63 Ohio St.3d 326, 330, 587 N.E.2d 825 (1992). Such a question of law exists when "the facts are undisputed and no conflicting inferences are possible." *Id.*

▉ In this case, although the parties dispute a number of facts, there is no dispute that Mr. Walls drove outside his postal route—while on a lunch break and after the completion of his route—for the singular purpose of tending to his personal affairs. He drove fifteen to twenty minutes away from his route for purely personal reasons. He did not deliver any mail nor engage in any other USPS-related work while engaged in this pursuit, and he was not acting in any official capacity at the time of accident. Furthermore, Mr. Walls admitted that he did not receive permission to attend to his personal business during the course of his workday.

Thus, the undisputed evidence demonstrates that Mr. Walls was not acting in furtherance of service to the USPS. Rather, he went on a mission of his own, he deviated from USPS business, and the accident occurred during the deviation. *Mider,* 322 F.2d at 197; *Thornberry,* 164 Ohio St. at 395, 131 N.E.2d 383. Therefore, there are no genuine issues of material fact and reasonable minds can come to but one conclusion, i.e. that Mr. Walls was acting outside the scope of his employment. Accordingly, as the USA cannot be liable for the torts of its employees committed outside the scope of employment, Defendant USA is entitled to judgment as a matter of law.

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (Document # 14) is GRANTED. The case will proceed against the remaining Defendant.

IT IS SO ORDERED.