**Judie D. MORROW, Plaintiff–Appellant,**

v.

**AMERICAN BAG CORPORATION and American Bag Corporation Health Care Plan, Defendants–Appellees.**

No. 00–5865.

United States Court of Appeals, Sixth Circuit.

Nov. 8, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges, and COHN,* District

* The Hon. Avern Cohn, United States District Judge for the Eastern District of Michigan,

**452**

Judge.

PER CURIAM.

The plaintiff, Judie Morrow, sued her former employer, defendant American Bag Corp., following her termination from her job as an industrial engineer clerk with the company. Morrow alleged that she had suffered age and gender discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (ADEA), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, respectively.[1] The district court granted summary judgment to American Bag after determining that Morrow had failed to establish a *prima facie* case of discrimination under either statute. The court also ruled, in the alternative, that the plaintiff did not offer any evidence creating a genuine issue of material fact that the company's justification for firing Morrow was a pretext for illegal discrimination. Because we agree that summary judgment was proper in this case, we affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Judie Morrow was 34 years old when she was hired by the predecessor-in-interest of American Bag in 1981. Over the years, she worked her way up the company's organizational ladder until she became an industrial engineer clerk for William Becker, a position in which she was responsible for filing information that came across Becker's desk.

In early 1997, Cary Delk became Morrow's supervisor and Edward Cobb began serving as American Bag's human resources manager in its Stearns, Kentucky, plant. Shortly thereafter, in early April 1997, Delk reviewed various production reports completed by the plaintiff and noted numerous errors in the documentation. When confronted with the inaccuracies, however, Morrow claimed that the information given her by other employees had been inaccurate, although she later admitted in deposition testimony that it was her responsibility to ensure the accuracy of the reported figures. Approximately two weeks later, Delk again called Morrow to his office to complain about continued inaccurate tabulations in the plaintiff's work and once more repeated his concerns on July 15, 1997, followed by a written reprimand.

Fearing that her job might be in jeopardy due to the unfavorable reviews performed by Delk, Morrow entered her supervisor's office in the early morning hours of July 21, 1997, retrieved a folder with her name on it from Delk's desk,[2] opened the folder, and photocopied Delk's written assessments of her work. She then placed the copies in a sealed envelope and gave them to the plant manager, Robert Parker, claiming that Delk "was out to get her," and hoping that Parker could help her maintain her employment with the company. Morrow returned the originals to their proper folder and placed the folder in one of the drawers of Delk's desk. She further admitted in her deposition testimony that she did not simply take the origi-

sitting by designation.

1. Morrow also alleged violations of the Kentucky Civil Rights Act, K.R.S. §§ 344.010–344.990. Because the Kentucky Civil Rights Act has been interpreted in conformity with federal anti-discrimination law, this court routinely addresses claims under the federal and state statutes under the same analytical framework. *See, e.g., Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1250 (6th Cir. 1995).

2. The parties dispute the actual location of the file. Morrow insists that the folder was *on* Delk's desk, while Delk claims to be "[a]bsolutely positive" that the file was *in* a desk drawer.

nals to Parker because she knew the documents did not belong to her.

When Parker realized the origin of the copies given him by Morrow, he contacted Delk, who told him that the personnel folder had been kept inside his desk with other confidential information and that Morrow must have gone inside the desk to retrieve the documents. Discussions between Delk and Cobb and between Delk and American Bag's corporate counsel in Georgia ensued. All three men agreed that Morrow, then 50 years of age, had breached company policy regarding the safeguarding of confidential information[3] and thus informed the plaintiff on July 24, 1997, that she was terminated from employment with American Bag.

After exhausting her appropriate administrative remedies, Morrow filed suit in federal district court, alleging age and gender discrimination in violation of the ADEA, Title VII, and the Kentucky Civil Rights Act. She admits that she based her gender discrimination claim simply on the fact that all American Bag managers at the Stearns plant were male, and her age discrimination claim on the fact that everyone else who worked in the office was younger than she. The district judge granted summary judgment to the defendant on all claims, holding that Morrow had failed to establish a *prima facie* case of discrimination because she could not prove that she had been replaced by a younger or a male employee or that her termination was related to her age or her gender. The court further concluded that, even had Morrow established a *prima facie* case of age or gender discrimination, she was unable to show that the company's articulated legitimate, nondiscriminatory reason for the discharge was pretextual.

## DISCUSSION

### I. Standard of Review

As in any appeal from the grant of summary judgment, our review is *de novo* and utilizes the same legal standard employed by the district court. *See Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994). Consequently, the district court's decision will be found proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In reviewing the propriety of the district court's summary judgment determination, however, this court must construe the evidence and all inferences to be drawn from it in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Even so, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-

---

**3.** American Bag maintained one copy of a 300 page manual, Provision 8.07 of which provided:

> It is the responsibility of all associates to protect all Company sensitive data and information from unauthorized disclosure to others within or outside of the Company. Access to information and data in whatever form shall be restricted to those with an authorized need to know. Deliberate attempts to violate this policy, whether or not successful, will subject the individual to dis-

ciplinary action which may include summary discharge.

All parties are in agreement that Morrow most likely had not seen that particular provision. Nevertheless, the parties also agreed that Morrow had, as part of her employment, signed a "Secrecy Agreement" that stated simply, "I hereby agree that in consideration of my employment and/or continued employment by [the company] I will not use or divulge, without the company's consent, any confidential information acquired through my connection with the company."

moving party, there is no genuine issue for trial." *Id.*

## II. Age Discrimination Claim

In advancing a claim of age discrimination pursuant to the ADEA, Morrow bears the initial burden of establishing by a preponderance of the evidence that: (1) she was at least 40 years old at the time of the alleged discrimination; (2) she was subjected to an adverse employment action; (3) she was qualified for the position involved; and (4) she was ultimately replaced by a younger individual. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (assuming applicability of the four-part test established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to ADEA cases lacking direct evidence of discrimination). If such a showing is made, the burden of *production* shifts to the employer to articulate a legitimate, nondiscriminatory explanation for the discharge. Once that explanation is advanced, the burden of production returns to the plaintiff to show that the reason offered by the employer was merely a pretext for discrimination. *See id.* at 143, 120 S.Ct. 2097. At all times, however, the ultimate burden of *persuasion* remains upon the plaintiff. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

The burden of establishing a *prima facie* case of age discrimination is not an onerous one. Yet, in this case, the district judge erroneously added to the plaintiff's burden at the initial stage of the litigation by intimating that part of the *prima facie* showing required of the plaintiff is establishment of a causal connection between the adverse employment action and the plaintiff's age. Without question, in order to prevail on her ADEA claim, Morrow must make such a showing. That proof, however, is tantamount to ultimate vindication on the discrimination cause of action and is not required merely to establish a *prima facie* case of such discrimination. *See Reeves*, 530 U.S. at 142, 120 S.Ct. 2097.

Morrow adduced evidence before the district court that she was indeed more than 40 years of age, that she was terminated from her job, and that she was at least arguably qualified to hold the position of industrial engineer clerk. In determining that the plaintiff failed to establish a *prima facie* case of age discrimination, the district court also concluded, however, that Morrow could not show that she was *replaced* by a younger person because the duties of her job were absorbed by various people.

Examining the evidence before the district court in the light most favorable to the plaintiff, Morrow claimed that one individual, Logan Keith, a younger employee, began doing her job following the termination. The plaintiff also admitted, however, that she was not aware of Keith's actual job duties. Furthermore, all other evidence before the court points unerringly to the conclusion that no one person assumed Morrow's employment position. For example, Cary Delk averred that various people assumed components of Morrow's former job, that no employee received a pay increase as a result of assuming Morrow's duties, and that American Bag added no new employees after the plaintiff's termination. Logan Keith himself stated during his deposition testimony that Morrow's job responsibilities were, in part, divided between him and Veronica Chitwood, an existing employee of the company.

In a reduction-in-force or reorganization scenario, however, a plaintiff need not, and indeed cannot, establish who actually *replaced* the discharged employee.

Instead, in satisfying the fourth prong of the *prima facie* case analysis in such a case, a litigant may offer "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons" by demonstrating that a "comparable non-protected person was treated better." *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 350 (6th Cir.1998) (quoting *Barnes v. GenCorp Inc.,* 896 F.2d 1457, 1465 (6th Cir.1990) and *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–83 (6th Cir.1992)).

In this regard, Morrow did claim that she was fired without receiving an initial warning, while a younger employee was previously fired for violation of the company's privacy rules only after first being given a warning and an opportunity to reform his conduct. Despite Morrow's articulation of the differences between her termination and that of employee Herb Ellis in 1995, however, the record shows that the plaintiff was not treated more harshly than Ellis. Although it is true that Ellis received a warning from company officials after he was allegedly observed viewing documents on a supervisor's desk, he had denied looking at protected information at that time, creating a classic "he said, she said" scenario. When Ellis was again seen in the same unauthorized area, however, the company summarily terminated him.

In this case, Morrow admitted that she obtained the documents given to the plant manager from Delk's desk without Delk's permission. Regardless of whether the folder from which the documents were removed was on or in Delk's desk, the plaintiff herself admitted that she knew the papers were not hers, leading her to engage in clandestine photocopying activities. Thus, as in Ellis's situation, once the company was satisfied that the offending employee did not pay proper deference to confidentiality concerns, that employee was discharged from American Bag. The record does not show that a "comparable non-protected person was treated better" and, thus, the plaintiff has failed to establish a *prima facie* case of age discrimination in what was apparently a reduction-in-force in her department following her termination.

We conclude, as did the district court, that summary judgment was proper on the record before the court.

### III. Gender Discrimination Claim

Employers are also prohibited from discharging any individual because of that person's gender. *See* 42 U.S.C. § 2000e–2(a)(1). Absent direct evidence of discrimination based upon sex, a plaintiff can demonstrate an employer's improper motivation by establishing disparate treatment of male and female employees. In doing so, a plaintiff may again rely upon the three-part, burden-shifting analysis of *McDonnell Douglas. See, e.g., Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 252–53 (6th Cir.1998). For the same reasons articulated in the discussion of Morrow's age discrimination claim, however, the plaintiff has failed to make out a *prima facie* case of gender discrimination, and summary judgment for the defendant was proper.

### CONCLUSION

For the reasons set out above, we AFFIRM the judgment of the district court.