NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0469n.06

No. 12-1378

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 09, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MATTHEW MCGUIRE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHIGAN DEPARTMENT OF COMMUNITY | ) |
| HEALTH, et al., | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| Defendants, | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF MICHIGAN |
| GARY SHEETS; ROOSEVELT ABRAHAM; | ) |
| MICHAEL BORIE; MATTHEW HASSENGER; | ) |
| MARK COOPER; CYNTHIA KELLY, | ) |
| | ) |
| Defendants-Appellees. | ) |

Before: KEITH, MARTIN, and COLE, Circuit Judges.

**PER CURIAM**. Plaintiff-Appellant Matthew McGuire appeals from a district court order granting partial summary judgment and dismissing his Fourteenth Amendment claim for alleged excessive force pursuant to a § 1983 theory of liability. McGuire suffers from mental illness, including, *inter alia*, shizoaffective disorder, psychotic disorder, and impulse control disorder. He was housed at the Mount Pleasant Center ("Center"), pursuant to a court order, from October 2006 until the Center closed in October 2009. The Center has a well-documented and shameful history of abusing patients. During McGuire's time at the Center, he suffered numerous serious injuries on multiple occasions, including but not limited to several rib fractures on both sides of his body,

1

bruising on his face, redness in his eye, and a loose tooth in his mouth that eventually had to be extracted.

The parties do not dispute the injuries; they only dispute the causation, specifically the reasonableness of the force used by the staff at the Center. McGuire argues that the injuries were caused by Defendants' excessive force against him. Defendants argue that McGuire had episodes that required his restraint and that the injuries were caused by Defendants' good faith physical management techniques. The district court dismissed McGuire's claims at the summary judgment phase. The district court's decision was largely based on its exclusion of a letter from a forensic pathologist, Dr. Spitz, who was also listed as one of McGuire's experts to testify at trial. The district court determined that without the letter from Dr. Spitz, there was no genuine issue of material fact to present at trial. McGuire now appeals the district court's determination to exclude the letter from Dr. Spitz and the district court's judgment against him. Because the district court improperly excluded Dr. Spitz's letter, and because a genuine issue of fact exists as to the force used against McGuire, we reverse the district court's judgment as to McGuire's excessive force claim.

We review a district court's grant of a motion for summary judgment *de novo*, construing the evidence and drawing all reasonable inferences in favor of the non-moving party. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Summary judgment is proper if, after viewing the evidence that way, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(a). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

Much of the appeal hinges upon the district court's decision to exclude and strike a letter that was submitted by Plaintiff's expert—a letter that supports McGuire's allegations of severe abuse by the Center's staff. Dr. Spitz had investigated McGuire's injuries and concluded that McGuire's injuries were caused by blunt and excessive force. He reviewed McGuire's complaints and his injuries and found that the types of injuries he suffered were consistent with his complaints and that the "injuries require brutal and excess force." He further stated that it was "alarming . . . how many times, in the relatively short period of time that . . . McGuire resided [at the Center], he was traumatized." The letter was unsworn and was submitted in response to Defendants' motion for summary judgment.

In cases like the instant one, where the nonmoving party bears the burden of proof at trial on a dispositive issue, the party is not required to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). While "[t]he proffered evidence need not be in admissible *form*, . . . its *content* must be admissible. *Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997) (emphasis in original) (citing *Celotex Corp.*, 477 U.S. at 324) ("For instance, deposition testimony will assist a plaintiff in surviving a motion for summary judgment, even if the deposition itself is not admissible at trial, provided substituted oral testimony would be admissible and create a genuine issue of material fact.").

While Dr. Spitz's letter was not in an admissible form as attached to McGuire's response to Defendants' summary judgment motion, the district court improperly focused only on the form of Dr. Spitz's letter and failed to consider whether the content was admissible. *Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009) ("[T]he party opposing summary judgment must

3

show that she *can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue of material fact exists, and that a trial is necessary." (emphasis in original)).  Here there is no indication that the contents of the letter would not be able to be presented in an admissible form at trial, as Dr. Spitz was disclosed as one of McGuire's expert witnesses.[1]  Because the information in Dr. Spitz's letter is capable of being presented in admissible form at trial, the district court erred in excluding the letter.[2]  *See J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990) ("The averments of Spagnola's affidavit are capable of proof through admissible evidence and we will consider them [for purposes of summary judgment.]"); *see also DeBiasi v. Charter Cnty of Wayne*, 537 F. Supp. 2d 903, 911–12 (E.D. Mich. 2008) (considering the contents of a diary that was presented in an inadmissible form at the summary judgment stage because the contents could be presented in an admissible form at trial).

The district court determined that without Dr. Spitz's letter, there was no genuine issue of material fact to be considered by a jury.  We disagree.  "[A]t the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to

---

[1]The district court never made any evidentiary ruling as to Dr. Spitz's suitability to serve as an expert witness.

[2]It should be noted that McGuire attempted to provide the letter in an admissible form at summary judgment by providing a sworn letter from Dr. Spitz on August 12, 2011—one day after Defendants filed their reply brief.  Nevertheless, the district court struck the document and waited more than seven months—until March 22, 2012—to rule on the motion for summary judgment.  The district court characterized the perceived problem as one of attorney neglect.  However, a "plaintiff should not be punished for his attorney's mistake absent a clear record of delay, wilful contempt or contumacious conduct."  *Stephens v. State of Michigan*, 865 F.2d 1269, 1269 (6th Cir. 1988) (unpublished table opinion) (citing *In re: Salem Mortg. Co.*, 791 F.3d 456, 459–60 (6th Cir. 1986)).

4

determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). The district court determined that McGuire's testimony—which was contradictory at times—was not credible and did not carry enough weight for his case to proceed past summary judgment. The district court improperly made credibility determinations and weighed the evidence. McGuire alleges that the abuse was imposed over time and that the staff repeatedly abused him. Defendants do not dispute the injuries, the seriousness of the injuries, or the fact that force was used on a frequent basis. Defendants simply assert that it was a necessary part of the job to restrain McGuire forcibly and that the force was imposed in good faith. Defendants have not presented conclusive evidence that the force was reasonable or that the severe injuries sustained were a result of good faith restraint techniques. The reasonableness of the force is an issue for a jury to determine. We recognize some of the inconsistencies in McGuire's testimony, but those inconsistencies are not fatal to McGuire's entire claim and are for the jury to weigh.

Because the district court erred in excluding the letter and failed to rule on the admissibility of the content and because there is a genuine issue of material fact as to McGuire's excessive force claim, we **REVERSE** the district court's grant of summary judgment to Defendants as to the excessive force claim and **REMAND** for further proceedings consistent with this opinion. We do not disturb the district court's judgment in any other respect.